UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2732 PA (RNBx) | Date | June 6, 2012 |
|---|---|---|---|
| Title | Abtahi Khosrow v. JPMorgan Chase Bank, N.A. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS — COURT ORDER

Before the Court is the Motion to Dismiss filed by defendant JPMorgan Chase Bank, N.A. (As successor by merger to Chase Home Finance, LLC) ("Defendant") (Docket No. 6). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for June 11, 2012, is vacated, and the matter taken off calendar.

Plaintiff Abtahi Khosrow ("Plaintiff"), appearing pro se, commenced this action on March 29, 2012, against Defendant alleging a claim for violation of the "Government Loan Modification Program," which Plaintiff identifies as the "Home Afford ability and Stability Plan: but that the Court construes as a claim brought pursuant to the Home Affordable Modification Program ("HAMP"). This is the second action Plaintiff has commenced against Defendant. Plaintiff's first action, Case No. SACV 09-1511 JST (ANx), asserted claims for violations of RESPA, TILA, and common law fraud. That action was dismissed with prejudice on August 26, 2011. Like his first action, Plaintiff seeks in this action to stop the foreclosure proceedings Defendant has commenced against him.

In its Motion to Dismiss, Defendant challenges the sufficiency of Plaintiff's allegations in support of his claim and seeks the dismissal with prejudice of Plaintiff's Complaint. To date, and more than a week after Defendant filed a Notice of Non-Opposition to Motion, Plaintiff has failed to file an Opposition to Defendantss Motion despite this Court's warning in its Self-Representation Order that the failure to file a Opposition may result in the dismissal of his action.

As a result of Plaintiff's failure to file an Opposition, the Court grants Defendant's Motion to Dismiss. See Local Rule 7-12 ("The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."). Defendant asserts that Plaintiff's claim in this action is barred by the doctrine of res judicata. "'Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" Tahoe Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003) (quoting Stratosphere Litig. L.L.C. v. Grand Casinos, Inc., 298 F.3d 1137, 1143 n.3 (9th Cir. 2002)). "Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action. Id. at 1077-78; see also id. at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2732 PA (RNBx) | Date | June 6, 2012 |
|---|---|---|---|
| Title | Abtahi Khosrow v. JPMorgan Chase Bank, N.A. | | |

1078 ("'Res judicata bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits. It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought.'") (quoting United States ex rel. Barajas v. Northrop Corp., 147 F.3d 905 (9th Cir. 1998)).

  Plaintiff could have brought the claim he alleges in this action in the previous proceeding.  His claim is therefore barred by res judicata.  Additionally, Plaintiff has no standing to sue under HAMP, which does not allow for a private right of action under HAMP.  See, e.g., Cleveland v. Aurora Loans Servs., LLC, 2011 WL 2020565, at *5 (N.D. Cal. May 24, 2011) ("Numerous district courts within the Ninth Circuit have ruled that there is no express or implied private right of action to sue lenders or loan servicers for violation of HAMP."); see also Bastia v. IndyMac Bank, 2011 WL 2711244, at *5 (C.D. Cal. July 13, 2011).

  For all of the foregoing reasons, and because Defendants' Motion sought dismissal of Plaintiff's action with prejudice, and Plaintiff has not opposed the Motion, the Court dismisses the action with prejudice.

  IT IS SO ORDERED.